WHITON, adm'r &c., vs. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*An action lies for negligently causing the death of a married woman.—By whom to be brought.*

1. Under secs. 12, 13, ch. 135, R. S., an action lies for injuries done to a *married woman* by the wrongful act, neglect or default of another person, resulting in her death.
2. Such action must be brought by her executor or administrator.

APPEAL from the Circuit Court for *Rock* County.

Action under the statute (secs. 12, 13, ch. 135, R. S.), to recover for injuries done to plaintiff's intestate (who was his wife), resulting in her death.   Demurrer, on the grounds, 1.   That plaintiff has not legal capacity to bring the action, it being one which his intestate could not bring, if living.   2. That the husband, as such, is the sole party in interest, and should bring

the action in his own name.    3. That the complaint does not state a cause of action.    The plaintiff appealed from an order sustaining the demurrer.

*Conger & Hawes*, for appellant, as to the rules by which the statute should be construed, cited 1 Kent's Com., 461, 462, 465 ; Sedgw. on Stat. Law, 41, 237, 258 ; 1 Blacks. Com., 86-7 ; Smith's Comm., § 547 ; *People v. N. Y. Cent. R. R. Co.*, 3 Kern., 80, 81, and 25 Barb., 199 ; *Watervliet T. Co. v. McKean*, 6 Hill, 620 ; *Whitney v. Whitney*, 14 Mass., 92 ; *Inhabitants of Somerset v. Dighton*, 12 id., 384 ; *Tonnele v. Hall*, 4 Coms., 144 ; *Van Hook v. Whitlock*, 2 Edw. Ch., 310 ; *Dresser v. Brooks*, 3 Barb., 450 ; *Mason v. Finch*, 2 Scam., 223 ; *Donaldson v. Wood*, 22 Wend., 397. They also compared the N. Y. statute (Laws of N. Y., 1847, ch. 450 ; id. 1849, ch. 256), and the English statutes on the same subject (9th and 10th Victoria), upon which ours was framed (*Safford v. Drew*, 3 Duer, 636 ; *Tilley v. Hudson River R. R. Co.*, 24 N. Y., 471, 480) ; and cited *Cotton v. Wood*, 98 Eng. C. L., 566 ; *Chapman v. Rothwell*, 96 id., 168 ; *Oldfield v. New York & Harlem R. R. Co.*, 14 N. Y., 310 ; *Quin v. Moore*, 15 id., 432 ; *Green v. Hudson River R. R. Co.*, 16 How. Pr. R., 263 ; *S. C.*, 31 Barb., 260, and 32 id., 25 ; *Tilley v. Hudson River R. R. Co.*, 24 N. Y., 471, and 29 id., 252 ; *Dickens v. N. Y. Cent. R. R. Co.*, 23 N. Y., 158, and 28 Barb., 41.    The language of section 12 does not require that the person injured must have been able (if death had not ensued) to maintain the action *in her own name ;* but it is sufficient that she is the meritorious cause of action.    Though the law would not allow a married woman so injured to sue alone during coverture, she would be the real party in interest ; and in the event of the death of the husband, the damages and the cause of action would survive to her, while both would abate in the case of her death.    1 Chitty's Pl., 73 ; Reeves' Dom. Rel., 63, 136 ; *Green v. Hudson River R. R. Co.*, 31 Barb., 266 ; *Thomas v. Winchester*, 2 Seld., 397.    Where, on the death of the husband, the

cause of action would survive to the wife, the husband and wife ought to join as plaintiffs, but the wife. is regarded as the real party, and the recovery belongs to her. Reeves, ch. 10, pp. 126, 129. The language of sec. 13 is inconsistent with any other construction of sec. 12.

*Pease & Ruger*, for respondent, argued that while the term "personal representatives" is most frequently applied to executors and administrators, yet it is also applicable to the next of kin (Burrill's Dic., *sub verbo*); and that it should be understood in the latter sense in sec. 13, ch. 135, R. S., because, (1.) The next of kin are the real parties in interest, who, by the general rule adopted in our statutes, are to bring all actions, and convenience requires that the same should be done in this case. (2.) There will otherwise be a conflict between that chapter and sec. 2 of ch. 147, R. S. The last section. is definite and explicit, and should prevail over sec. 13, ch. 135, which is ambiguous. 3 Duer, 634. 2. The statute (sec. 12) only gives an action in case the party injured might have maintained the action (if death had not ensued). A married woman could not maintain an action for injuries to herself, but it must be brought by husband and wife jointly. R. S., ch. 122, sec. 15; 1 Chitty's Pl. (9th Am. ed.), 73; 12 How. Pr. R., 323. See also 14 N. Y., 310; 15 id., 432; 9 Cush., 103; 61 E. C. L., 730. The plain language of sec. 12 must prevail over the mere inference from sec. 13. 3 Duer, 634. If there is room for construction, the statute, being penal, should be strictly construed. 12 How. Pr. R., 323; 16 id., 263; 21 id., 365, 369, 372. 3. When the statute was enacted in this state, but one case under it had been decided in New York, viz., that of *Lynch v. Davis*, 12 How. Pr. R., 323, which gave it the construction we contend for. It should be held to have been adopted here with that construction. Sedgw. on Stat. Law, 9; *Campbell v. Quinlin*, 3 Scam., 288; *Beebee v. Griffing*, 4 Kern., 235; *W. & W. Turnpike Co. v. The People*, 9 Barb., 161, 167;

5 Peters, 233, 264. Counsel also criticised the subsequent cases in N. Y., contending that they all rested upon *Quin v. Moore*, in which the point was not raised at all, and on that of *Dickens v. R. R. Co.*, 28 Barb., 41, in which the point was not discussed, but *conceded.*

DIXON, C. J. The action is purely statutory, and the statute requires it to be brought in the name of the personal representative of the deceased. " Every such action shall be brought by and in the name of the personal representative of such deceased person." R. S., ch. 135, sec. 13. This is decisive of the objection that there is a defect of parties plaintiff, or that the action should ' have been brought in the name of *Henry K. Whiton* as the real party in interest.

Whatever doubts may arise upon the construction of section 12, as to a right of action being given in case of the death of married women, such doubts are wholly removed by section 13, the terms of which are very clear and strong. " The amount recovered shall belong and be paid over to the husband or widow of such deceased person, if such relative survive him or her." Why provide that the amount recovered shall belong and be paid over to the husband of the deceased person, if there can be no recovery for causing the death of the wife ? The intention of the legislature to give a right of action in such case, could hardly have been more clearly manifested ; and such intention is not to be defeated because it was not expressed with strict legal accuracy in the enacting clause of the preceding section. The last section may rather be said to have cured the defect, and removed the uncertainty growing out of the first. To this view the cases in New York under the same.same statute, though not directly in point, add very considerable weight. This disposes of the third and, with it, the first ground of demurrer, which is substantially the same, and shows that instead of being sustained, the demurrer ought to have been overruled.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.