272 So.2d 538 (1973)
Angel Jeanette EVANS, a Widow of Justus Ray Evans, et al., Appellants,
v.
ATLANTIC CEMENT COMPANY and Theodore Bruno Visneski, Appellees.
No. 72-217.
District Court of Appeal of Florida, Fourth District.
January 23, 1973.
Rehearing Denied February 20, 1973.
*539 Philip J. Mandina, Miami, for appellants.
James M. Norman, of Kirsch, Druck & Mills, Fort Lauderdale, for appellees.
WALDEN, Judge.
This appeal is from a summary judgment which determined that appellants were not proper parties as would be statutorily entitled to maintain a wrongful death action.
Decedent was killed in 1970. It was correctly determined that a legal widow, Dorothy Evans, and a son of a prior marriage, Paul Douglas Evans, were survivors and proper parties plaintiff.
Excluded via the appealed summary proceedings were the appellants, Angel Jeanette Evans and her three minor children.
In her affidavit filed in opposition to the summary judgment Angel Evans established that she lived with the decedent nine and one-half years immediately prior to his death; that the decedent was the father and she was the mother of the three named minors; and that decedent furnished all of their support during the period.
The specific mentioned basis for the trial court decision determining appellants' ineligibility is the following:
"3. That the Plaintiff, Angel Jeanette Evans, alleges that she is the widow of the Deceased, Justus Ray Evans, and that three minor children were born as a result of her relationship with the Deceased, but that said Plaintiff has failed to substantiate her allegations by way of any proof whatsoever that she was lawfully married to the Deceased or that her minor children were children of the Deceased, nor have they been legally adjudicated to be his children and dependent upon him for support. To the contrary, the Deceased was married to another at the time of his alleged relationship with the said Plaintiff and therefore could not have lawfully been married to the said Plaintiff."
*540 The governing statute is Section 768.02, F.S. 1969,[1] F.S.A.:
"768.02 Parties; damages; proviso.  Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and were there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; provided, that any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."
Clearly the statute establishes a preferential order of classes with the existence of a preferred class barring those less preferred. Thus, a literal interpretation would bar the eligibility of appellants (and, for that matter, his son, Paul Douglas Evans) because of the existence of a legal surviving widow, Dorothy Evans.
But the opinion of the Supreme Court of Florida in Garner v. Ward, Fla. 1971, 251 So.2d 252, provided a new dimension. Being dissatisfied with the unfairness of the statute in certain instances, the statute was judicially amended so as to remove certain priorities and thereby enlarge or add classes to those qualified to sue.
In Garner the decedent was twice married. He was survived by his divorced first wife and minor children of that first marriage. He was also survived by the wife of his second marriage, and she was properly recognized as his "widow" and statutorily entitled to maintain the action. But what about the divorced first wife and children of that marriage? Under the statute and case law they had no standing as parties. Garner changed that! As we read it, a right of action was created in the children of the first marriage in addition to that of the legal widow of the second marriage, based on the reasoning hereinafter extracted. Importantly, too, we read the case as likewise awarding a right of action to the divorced wife of the first marriage, although no rationale therefor was expressed. We base this on the fact that the first wife attempted intervention individually. The trial court denied intervention to her and the District Court of Appeal affirmed. The Garner case, at Supreme Court level, quashed the Court of Appeal decision. It did not affirm as to the denial of intervention to the claim of the first wife, individually. Although no mention is made that the first wife was dependent upon the decedent for support, we suppose by the process of elimination that she must have been deemed a "dependent" in the language of the statute *541 and entitled by virtue of this language at page 257:
"Under the factual circumstances of cases such as this, all persons who suffer loss as a result of the wrongful death and who are entitled to recover are proper parties." Garner v. Ward, supra, at p. 257.
As concerns the children's entitlement in Garner, these expressions are thought to be reflective of the decisional basis:
"* * * The existence of priorities ordered on family relationships or dependency presupposes the existence of such relationships; the preference given by statute to a spouse over a child presupposes the existence of a family, including a parent-child relationship, in the survivors. When the statutes are examined entire, the conclusion cannot be reasonably reached that these class priorities were intended by the legislature to be applied where the fundamental family relationships have been legally destroyed through divorce or adoption, or step-relationships have been created. It is unreasonable to conclude the legislature intended that dependent children or other family members be left without support or remedy, in favor of strangers to them.
* * * * * *
"For the reasons announced herein, we conclude that Fla. Stat. §§ 768.01 and 768.02, F.S.A., must be construed in harmony with Fla. Stat. § 768.03, F.S.A., to procure the remedial protection of families and dependents as intended by the Legislature * * * This policy will better honor the constitutional command that the courts be open to all persons for redress of wrongs, and also will avoid the risk of a constitutional challenge grounded on allegations of discrimination among survivors of the same class (such as litigation between decedent's children by two marriages).
"* * * All such persons may join, or upon motion by the defendant should be joined by the court if it has jurisdiction. Any person may at any time be made a party if his presence is proper to a complete determination of the cause. Rule 1.210(a), Florida Rules of Civil Procedure (1967), 30 F.S.A. Rule 1.250 (c), which vests in the trial court authority to add parties on motion or its own initiative, is peculiarly useful in actions such as that sub judice. Also, see Rule 1.270(a), authorizing consolidated trial of any and all issues. In these cases, the damages suffered by each survivor entitled to sue must be separately proved and separately assessed."
Thus, we believe the literal wording of the statute to be still applicable where fundamental family relationships still obtain. However, where, as in Garner and the instant case, the family relationships have ruptured or divided, or where step-parent relationships exist, it is proper to allow the additional classes to intervene.
Based then on the foregoing and under authority of Garner, we are satisfied that summary judgment was inappropriate as appellants had made a sufficient showing of their entitlement as dependents and children living apart to withstand same.
Now to quickly dispose of two remaining outcrops.
Illegitimate children are not banned from the right to recover for the wrongful death of a parent on whom they are dependent. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).
As to the suggestion that somehow the children, in order to qualify, would have had to have been earlier adjudicated as decedent's children, we summarily reject it. Each of the children had been living in decedent's household as his child and enjoying his support. There was simply no reason or basis to anticipate decedent's wrongful death and no reason or basis for them or their mother under the circumstances to go to court via bastardy action. *542 Neither are we able to agree that their entitlement should be denied to them because the decedent did not prior to his death acknowledge them to be his children as allowed in Section 731.29, F.S. 1969, F.S.A.
It is our opinion that if the allegations of appellants are traversed as concerns their status, such issues can be tried along with and in the same manner as the other issues in the case. Alternatively, all in the able trial judge's discretion, such issues may be severed and tried separately.
The summary judgment here appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, J., concurs.
REED, C.J., dissents without opinion.
NOTES
[1] In 1972, Laws of Florida, Chapter 72-35, was enacted. Material changes were made which eliminated the uncertainties and problems here found.