300 So.2d 668 (1974)
Rodney BROWN, Appellant,
v.
Jayne A. BRAY, Appellee.
No. 44327.
Supreme Court of Florida.
July 3, 1974.
Rehearing Denied October 18, 1974.
*669 John S. Burton, Plant City, for appellant.
Clifford Schott, Lakeland, for appellee.
ERVIN, Justice.
This appeal raises the question whether F.S. Chapter 742, F.S.A., the state's bastardy statute, is facially constitutional, its validity having been passed upon favorably by the Circuit Court for Polk County, Florida. We affirm.
Appellant Rodney Brown contends the chapter is unconstitutional because it denies the father of a bastard child the rights the father of a legitimate child enjoys.
Appellant notes F.S. Section 61.13(2), F.S.A. provides for equal consideration as to father and mother in determining custody in dissolution proceedings, but that Section 742.011 provides for exclusive relief to the mother in bastardy proceedings, citing Pinkney v. Pinkney (Fla.App. 1967), 198 So.2d 52. Pinkney was an action for damages against the father by his illegitimate daughter for the wrongful death of the mother and for having caused the daughter to be born illegitimate. The District Court held that absent express statutory authority, the illegitimate child was barred from recovering damages therefor. We disagree with that decision and overrule it under the rationale of Garner v. Ward (Fla. 1971), 251 So.2d 252; Evans v. Atlantic Cement Company (Fla. App. 1973), 272 So.2d 538, and Levy v. Louisiana (1968), 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436.
In the absence of any Florida authority passing directly on the constitutionality of Chapter 742, Appellant relies on Stanley v. Illinois (1972), 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551, which involved an attack on an Illinois statutory scheme providing for presumption of unfitness and denial of a fitness hearing for purposes of child custody of an unmarried father, although married and divorced parents and unmarried mothers were not so presumed and were entitled to such a hearing. Therein the Court found the statutory scheme violative of due process and equal protection and recognized that the interests of parent and child were more important than the procedural advantages of the statute.
F.S. Section 742.031, F.S.A. provides:
"742.031 Same; hearings; court orders, support, hospital expenses, etc.  Hearings for the purpose of establishing or refuting the allegations of the complaint and answer shall be held in the chambers and may be restricted to such persons, in addition to the parties involved and their counsel, as the judge in his discretion may direct. The court shall determine the issues of paternity of the child, and the ability of the parents and each of them to support the child and if the court shall find the defendant to be the father of the child he shall so order and shall further order the defendant to pay *670 the complainant, her guardian or such other person assuming responsibility for the child as the judge may direct, such sum or sums as shall be sufficient to pay reasonable attorney's fee, hospital or medical expenses, cost of confinement and any other expenses incident to the birth of such child. In addition the court shall order the defendant to pay periodically for the support of such child such sums as shall be fixed by the court in accordance with the provisions of this act, and also all taxable costs of the proceedings. Upon request of either party, the issue of the paternity of such child may be tried by jury and the chancellor shall transfer the cause for the determination of such issue." (Emphasis supplied.)
F.S. Section 742.06, F.S.A. provides:
"742.06 Same; jurisdiction retained for future orders.  The court shall retain jurisdiction of the cause for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require."
We do not construe Chapter 742 as precluding the circuit court in a proper case and upon a sufficient showing from granting the father seeking the same, similar rights of child custody as may be granted a father in a dissolution of marriage situation. We construe the language of Section 742.031 and of Section 742.06 to authorize the court to enter such order or orders as the equity and justice of the particular matter concerning the custody and support of the subject child may require, inasmuch as a child in a Chapter 742 situation is similarly a ward of the court as in the case of a child in a dissolution of marriage situation. No doubt the court ordinarily would give precedence to the desire of the mother for custody of the child if the desire exists, but in a proper case and upon a proper showing by the father that he seeks custody and is the better fitted and suitable person for the role, the court may in its sound judgment and discretion award the custody of the child to him. F.S. Section 742.031, F.S.A., among other things, provides that if the circuit court
"shall find the defendant to be the father of the child he shall so order and shall further order the defendant to pay the complainant, her guardian or such other person assuming responsibility for the child as the judge may direct ... for the support of such child such sums as shall be fixed by the court in accordance with the provisions of this act .. ." (Emphasis supplied.)
We consider this language broad enough to authorize the circuit court in its sound judgment and discretion to order the custody of the child to be placed in its father and to order the payment of support commensurate with such custody.
So construed, we find no unconstitutionality in Chapter 742, or any provision thereof. Affirmed.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
DEKLE, J., concurs specially with opinion.
DEKLE, Justice (concurring specially):
I concur in the holding that our paternity statute, F.S. Ch. 742, F.S.A., is fully constitutional. I do not understand that it purports to deal with the child's custody in accordance with the majority's reasonable but nevertheless extraneous suggestions on the subject.