Ernest Ellison Auditor General Tallahassee
QUESTION:
Does the allowance authorized by s. 240.319(3)(n), F. S., in lieu of the use of a motor vehicle, if granted by the district board of trustees to the president of a community college, constitute compensation to the president or the payment of his expenses?
SUMMARY:
The allowance authorized by s. 240.319(3)(n), F. S., and subject to the restrictions of s. 112.061(7)(f) and (g), F. S., constitutes payment for expenses incurred in the performance of the community college president's official duties rather than compensation.
Section 240.319(3)(n), F. S., in pertinent part provides:
 Each board of trustees shall provide for the appointment, employment, and removal of personnel, including the president of the community college, and the compensation, including salaries and fringe benefits, and other conditions of employment for such personnel. . . . In addition, the board may furnish the president with the use of a motor vehicle or an allowance in lieu thereof. If any such vehicle is furnished, the board shall determine and fix the maximum noncollege use of the same.
Section 240.319(2) and (3), F. S., authorizes a community college board of trustees to adopt rules and regulations implementing the foregoing statutory provision. I am not aware, however, of any rules or regulations adopted by a board of trustees of a community college on this matter, nor have any such rules or regulations been brought to the attention of this office.
While s. 240.319(3)(n), F. S., authorizes the board of trustees to provide the community college president with an allowance in lieu of the use of a motor vehicle, the statute is silent regarding the procedures to be followed in providing such an allowance. Section112.061(1)(a), F. S., however, indicates that the travel expenses of all public officers, employees, or authorized persons (as defined in s. 112.061(2)(e)), whose travel expenses are paid by a public agency, are subject to, and controlled by, the rates and limitations set forth in s. 112.061, as amended, unless expressly
and specifically exempted by general law specifically referring to s. 112.061. See s. 112.061(1)(b). A community college district established pursuant to and governed by statute clearly falls within the definition of `agency or public agency' contained in s.112.061(2)(a), defined as `[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body . . . or any other separate unit of government created pursuant to law.'
Section 240.319(3)(n), F. S., does not expressly exempt the allowance authorized therein from the provisions of s. 112.061, F. S. Nor is there, in my opinion, any conflict between the terms of the two statutes. Section 240.319(3)(n) merely authorizes the board of trustees to grant to the president of a community college an allowance in lieu of the use of a motor vehicle while s.112.061(7)(f) provides that the agency head of a public agency — in the instant inquiry, the district board of trustees, see s.112.061(2)(b) — may grant a monthly allowance in fixed amounts for the use of privately owned automobiles on official business in lieu of the mileage rate provided in s. 112.061(7)(d). No conflict is thus apparent on the face of these two statutes. In light of s.112.061(1)(b), stating that the provisions of s. 112.061 shall prevail over any conflicting provisions in general law to the extent of the conflict unless specifically exempted from s.112.061, and in the absence of such a specific expression of legislative intent, this office cannot imply that the Legislature intended to exempt the allowance authorized in s. 240.319(3)(n) from the operation of the terms of s. 112.061; rather, the statutes should be considered in pari materia. Cf. Mann v. Goodyear Tire and Rubber Co., 300 So.2d 668 (Fla. 1974), and Garner v. Ward, 251 So.2d 252 (Fla. 1971). Therefore, in the absence of any exemption from or reference to the provisions of s.112.061 contained in s. 240.319(3)(n) or any conflict therewith, I am of the opinion that the provisions of s. 112.061(7)(d) and (g), and the requirements established therein, are applicable to the allowance authorized in s. 240.319(3)(n).
The allowance granted must therefore be reasonable, taking into account the customary use of the automobile, the roads customarily traveled, and whether any of the expenses incident to the operation, maintenance, and ownership of the automobile are paid from funds of the college or other public funds. The allowance may be changed at any time and shall be made on the basis of the president's signed statement, filed before the allowance is granted or changed, and at least annually thereafter. The statement must indicate the places and distances for an average typical month's travel on official business and the amount that would have been allowed under the approved rate per mile for the travel shown in the statement if payment had been made pursuant to s. 112.061(7)(d), F. S. Pursuant to s. 112.061(7)(g), no contracts may be entered into between a public officer or employee (or any other person) and a public agency in which a depreciation allowance is used in computing the amount due by the agency to the individual for the use of a privately owned vehicle on official business. All such travel is limited to the performance of a public purpose authorized by law to be performed by the community college. See s. 112.061(3)(b), stating that traveling expenses shall be limited to those expenses necessarily incurred in the performance of a public purpose authorized by law to be performed by the public agency.
Although advances may be made to cover the anticipated costs of travel, see s. 112.061(12), F. S., s. 112.061 otherwise contemplates the reimbursement of travel expenses incurred in the performance of official duties. See, e.g., s. 112.061(5) and (6) regarding computation of travel time for reimbursement and reimbursement rates and calculations for per diem and subsistence;see also AGO's 066-105 and 076-3 (s. 112.061 `consistently speaks in terms of reimbursement'). Such an allowance granted under and subject to the provisions of s. 112.061 would therefore constitute payment for expenses rather than compensation.
Prepared by: Joslyn Wilson, Assistant Attorney General