Doyle Conner Commissioner of Agriculture Tallahassee
QUESTIONS:
1. Does ch. 74-53, Laws of Florida, give all electors in Pinellas County the right to vote in a special referendum to terminate the Pinellas Soil and Water Conservation District or is such a referendum limited to those owners of land lying within the boundaries of the district?
2. If only the owners of lands lying within the boundaries of the district are eligible to vote in such referendum, what must a landowner do to prove that he is qualified to vote in such referendum?
SUMMARY:
Chapter 74-53, Laws of Florida, amending the definition of `qualified elector' for the purposes of ch. 582, F. S., generally, has not impliedly modified, amended, or repealed that provision of s. 582.30 which restricts voting in a referendum to terminate a soil and water conservation district created pursuant to ch. 582 to owners of land lying within the boundaries of the district.
AS TO QUESTION 1:
This opinion is expressly limited to a consideration of the effect of ch. 74-53, Laws of Florida, on the provisions of s. 582.30, F. S.
Section 582.30(1), F. S., provides that, any time after 5 years from the organization of a soil and water conservation district under ch. 582, F. S., any 25 owners of land lying within the boundaries of such a district may file a petition with the Department of Agriculture and Consumer Services praying that the operations of the district be terminated and the existence of the district be discontinued. Within 60 days after receiving such a petition, the department shall give due notice of the holding of a referendum and shall supervise such referendum and issue appropriate regulations governing the conduct thereof. Section582.30(1) further provides that `[a]ll owners of land lying within the boundaries of the district shall be eligible to vote in such referendum. Only such landowners shall be eligible to vote.' If two-thirds or more of the qualified voters in such a referendum vote for the discontinuance of the district, the department shall certify such result to the supervisors (governing body) of the district and certify that the continued operation of the district is not administratively practicable and feasible. Section582.30(2).
Chapter 74-53, Laws of Florida, amended several provisions contained in ch. 582, F. S., including the definition of `qualified elector' contained in s. 582.01(6). The section now provides that, whenever used or referred to in ch. 582, unless adifferent meaning clearly appears from the context, `qualified elector' includes `any person qualified to vote in general elections under the constitution and statutes of this state.' Section 582.01(6), F. S. 1973, restricted `qualified electors' to landowners or owners of land as defined therein. You inquire as to whether this amended definition of `qualified elector' applies to the provisions of s. 582.30, thus removing the restriction contained therein that only owners of land within the district may vote in the referendum to terminate the soil and water conservation district.
Section 582.01, F. S., provides that the definitions contained therein, including the definition of `qualified elector,' are generally applicable to the provisions of ch. 582, F. S., if a different meaning is not apparent from the context of a particular statute. Chapter 74-53, Laws of Florida, in amending the definition of `qualified elector' contained in s. 582.01, does not specifically refer to s. 582.30, nor does it purport to effect any amendment to the provisions of that statute; rather, it is limited in effect to those provisions in ch. 582 which do not provide for a contrary meaning. See, e.g., s. 582.18(1), which provides for the election of supervisors for each soil and water conservation district by the `qualified electors residing within the district,' and s. 582.19(2), which provides in pertinent part that the selection of successors to fill an unexpired term of a supervisor `shall be in accordance with s. 582.18(2) [by appointment by remaining supervisors] or for a full term in a newly created district by election of the qualified electors of the district.' Section 582.30, however, specifically and expressly restricts voting in the referendum to terminate the soil and water conservation district provided for therein to owners of land lying within the district, and only such landowners are made eligible to vote by the statute. It does not, therefore, appear that the provisions of ch. 74-53 are applicable to s. 582.30 or that the chapter modifies, amends, or repeals the restriction contained in s. 582.30. Cf. Mann v. Goodyear Tire Rubber Co., 300 So.2d 668
(Fla. 1974) (implied repeal or amendment not favored in law), and Oldham v. Rooks, 361 So.2d 140 (Fla. 1978).
Thus, I am of the opinion that ch. 74-53, Laws of Florida, does not operate to impliedly amend or modify the provisions of s.582.30, F. S., which restrict voting in an election or referendum to terminate a soil and water conservation district to owners of land within the district and which require a two-thirds vote of the landowners in such a referendum to vote for the discontinuation of the district in order to terminate the district's operation. It should be noted that s. 582.30 is presumptively valid and must be given effect until determined to the contrary by a court in an appropriate proceeding. See
Pickerill v. Schott, 55 So.2d 716 (Fla. 1951), and Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). This office has no authority to rule on the constitutionality of a duly enacted statute; therefore no comment is expressed herein regarding the constitutionality of the landowner restriction contained in s.582.30.
AS TO QUESTION 2:
It was my opinion in question 1 that s. 582.30, F. S., limits voting in the referendum on the termination of a soil and water conservation district to owners of land lying within the district; the statute, however, is silent regarding the procedures to be followed in establishing ownership of land in order to vote in such a referendum. Cf. s. 582.12, F. S., which provides for the creation of such a soil and water conservation district by referendum vote of the landowners within the district's boundaries but which also fails to prescribe the procedure for establishing ownership of land for purposes of the referendum. Section 582.30, however, does provide that the referendum shall be conducted pursuant to the regulations of the Department of Agriculture and Consumer Services; presumably, such regulations would include the procedure to be followed in proving ownership of land for purposes of voting in such a referendum. Cf. s. 582.13, F. S., providing that, with regard to referenda for the creation of soil and water conservation districts, the department's regulations provide `for the registration prior to the date of the referendum of all eligible voters, or prescribing some other appropriate procedure for the determination of those eligible as voters in such referendum.'
This office has no authority to prescribe the manner of proof of ownership of land or to determine what method of proof would be sufficient for the purposes of s. 582.30, F. S. In the absence, however, of any legislative direction as to how ownership of land should be proved, I would note the provisions of s. 100.241(2) and (3), F. S., which generally provide for freeholders' elections or referenda. Section 100.241 provides in pertinent part:
 (2) Qualification and registration of electors participating in such an election or referendum shall be the same as prescribed for voting in other elections under this code, and, in addition, each such elector shall submit proof by affidavit made before an inspector that he is a freeholder who is a qualified elector residing in the county, district, or municipality in which the election or referendum is to be held.
 (3) Each registered elector who makes a sworn affidavit of ownership to the inspectors, giving either a legal description, address, or location of property in his name which is not wholly exempt from taxation shall be entitled to vote in the election or referendum and shall be considered a freeholder.
While it is the responsibility and duty of the department to supervise the referendum in question and adopt and issue appropriate regulations governing the conduct thereof, it is suggested that a similar procedure might be utilized to prove ownership of land within the district, especially in light of the provision in s. 582.30(1) which states that `[n]o informalities in the conduct of such referendum or in any matters relating thereto shall invalidate said referendum or the result thereof if notice thereof shall have been given substantially as herein provided and said referendum shall have been fairly conducted.'
Prepared by: Joslyn Wilson, Assistant Attorney General