John W. McWhirter, Jr. Attorney for Hillsborough Community College Board of Trustees Tampa
QUESTIONS:
1. Are employees of a community college district state employees for the purpose of s. 110.117, F. S., which establishes paid holidays to be observed by state branches and agencies?
2. May a community college board of trustees take action without receiving and considering the recommendations of the community college president?
SUMMARY:
Until judicially or legislatively determined to the contrary, the provisions of s. 110.117(1), F. S., relating to paid holidays to be observed by `state branches and agencies,' are not applicable to community college districts or their respective governing boards of trustees. The board of trustees of a community college must consider the recommendations of a community college president before exercising its authority; if, however, the president fails to make such a recommendation, the board is not prevented from taking action.
AS TO QUESTION 1:
Your first inquiry appears to have been prompted by a question raised during a meeting of the Legislative Joint Auditing Committee whether employees of a community college district are state employees and thus limited to the holiday schedule prescribed in s. 110.117(1), F. S. Section 110.117(1) prescribes those holidays which `shall be paid holidays observed by all state branches and agencies.' You inquire whether community college districts are state agencies and their employees state employees for the purposes of this statute.
Community colleges occupy a separate and distinct position in Florida's higher education system, serving a dual function, both state and local, in providing lower level undergraduate instruction and other courses `sought by the citizens of the community for personal development; and other community services.' Section 240.301, F. S. Each community college district authorized by law and the Department of Education is an independent, separate, legal entity created for the operation of the community college and governed by a board of trustees which constitutes a body corporate. See ss. 240.313(1) and 240.315, F. S. In AGO 071-175, this office, recognizing the unique position occupied by community colleges and stating that such colleges serve a `distinctly local function,' concluded that a community college was not a state agency. This conclusion has been reaffirmed, expressly or impliedly, in later opinions of this office. See,e.g., AGO's 072-375 (community college authorized to enter into interlocal agreements); 073-308 (waiver of registration fee deadlines for veterans attending institutions within State University System not applicable to veterans attending community colleges); 074-303; and 075-153. Cf. AGO 079-46 wherein this office recognized that community colleges were established to serve a commuting rather than residential student body. While community colleges are now funded by student fees and state funds,see, e.g., s. 240.359, F. S., the independence and autonomy of the individual community colleges have been preserved in the statutes. While the State Community College Coordinating Board of the Department of Education has been granted the necessary powers to exercise responsibility for statewide leadership in overseeing and coordinating the individually governed public community colleges, s. 240.305, F. S., provides that `[n]othing contained herein shall change the existing division of responsibilities between state agencies and local boards of trustees, and there shall continue to be maximum local autonomy in the governance and operation of individual community colleges.' Further, s. 240.317, F. S., states that it is the legislative intent that community colleges are constituted as `political subdivisions' of the state, operated by district boards of trustees; moreover, `no department, bureau, division, agency, or subdivision of the state shall exercise any responsibility and authority to operate any community college of the state except as specifically provided by law or rules of the State Board of Education.' See s. 1.01(9), F. S., which generally defines the term `political subdivision,' in construing the statutes, when the context will permit, to include `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state.'
Part I of ch. 110, F. S., generally relates to state employment or employment in state government. Section 110.117, which establishes those holidays which shall be paid holidays observed by all statebranches and agencies, was adopted by the 1979 Legislature; thus the parameters of this section have not yet been judicially determined. Cf. ch. 683, F. S., designating legal holidays and special observances. While the term `state branches and agencies' is not defined for the purposes of the statute, it does not appear, in my opinion, that such a term would encompass a community college which has been expressly designated by statute as a political subdivision of the state or the college district which is designated as an independent, separate, legal entity created for the operation of the community college. My examination of s. 110.117 failed to reveal any evidence that the Legislature intended the provisions of part I, ch. 110 to be binding upon the state's political subdivisions, nor has any such evidence of legislative intent been brought to my attention. Cf. s. 110.203(1), F. S., defines `state agency' or `agency,' for the purposes of part II, ch. 110, as `any official, officer, commission, board, authority, council, committee, or department of the executive branch or the judicial branch of state government as defined in chapter 216.' (Emphasis supplied.) In fact, s. 110.129
authorizes the Department of Administration, upon request, to enter into agreements with a `political subdivision' of the state to furnish technical assistance to improve the system of personnel administration of such political subdivision. Moreover, s. 240.325, F. S., expressly provides that the State Board of Education shall provide minimum standards and guidelines for community colleges which may include, but are not limited to, provisions for personnel and college calendars. See Rule 6A-14.04, F.A.C.; see also Rule 6A-14.442, F.A.C., which provides that the local boards of trustees shall adopt rules governing absences of their personnel when not otherwise covered by the state board's rules. And see Rule 6A-14.262(6)(a), F.A.C., which provides that the president, provided he or she advises and counsels with the board of trustees, has the duty to recommend to the board the establishment and operation of such programs and services as may be needed to provide adequate educational opportunities for all students, including recommending holidays and vacation periods for the college.
Based upon the foregoing, I am of the opinion that, until judicially or legislatively determined to the contrary, the provisions of s. 110.117, F. S., relating to paid holidays to be observed by the state branches and agencies, are not applicable to community college districts or their respective governing boards of trustees.
AS TO QUESTION 2:
The boards of trustees are vested with the responsibility to operate the community colleges and with such authority as may be needed for the proper operation thereof in accordance with the regulations of the State Board of Education. Section 240.319(1), F. S. Section 240.319(3)(e) provides that each such board shall `perform those duties and exercise those responsibilities which are assigned to it by law or by rules of the State Board of Education and in addition thereto those which it may find necessary for the improvement of the community college.' See also
s. 240.319(3)(n), which provides that each board shall provide for the appointment, employment, and removal of personnel, including the president of the community college, and compensation, including salaries and fringe benefits, and other conditions of employment for such personnel. In carrying out its responsibility to operate the community college, a board of trustees `afterconsidering recommendations submitted by the community collegepresident, shall be authorized to adopt such rules and procedures as are necessary to operate the community college in such a manner as to assure the fulfillment of the responsibilities assigned to the board.' [Section 240.319(2); emphasis supplied.]
The president of the community college serves as the executive officer and corporate secretary of the board of trustees as well as the chief administrative officer of the college. Section 240.313(7), F. S. Under the rules of the State Board of Education, the president is responsible for advising and counseling the board. See Rule 6A-14.261(2) and (3), F.A.C., which provides that the president shall `[a]dvise and counsel with the board on all educational matters and recommend to the board for action such matters as should be acted upon [and] . . . [a]dvise and counsel with the board on all rules and recommend to the board for adoption rules deemed necessary for the efficient operation of the college.' Rules of the state board to implement the Florida School Code, chs. 228-246, F. S., have `the full force and effect of law' if within the scope and intent of the statute. Section 229.041.See also s. 240.335, which provides in part that employment of all personnel in a community college shall be upon recommendation of the president, subject to rejection for cause by the board of trustees and subject to the rules of the State Board of Education relating to such things as leaves of absence of all types, remuneration, and other conditions of employment, and Rule 6A-14.262(7)(b), F.A.C. Section 240.313(8), however, provides that the board of trustees has the power to take action without a recommendation from the community college president and to require the president to deliver to the board all data and information required by the board in the performance of its duties. Based upon the foregoing statutory provisions, you inquire whether a board of trustees may proceed to take action without receiving and considering a recommendation from the community college president.
It is a well-established principle of statutory construction that statutes which relate to the same or closely related subject should be considered in pari materia. Mann v. Goodyear Tire 
Rubber Co., 300 So.2d 668 (Fla. 1974) (laws should be construed together and in harmony with any other statute relating to the same subject matter or having the same purpose, even though statutes not enacted at same time); Florida Jai Alai, Inc. v. Lake Howell Water Reclamation District, 274 So.2d 522 (Fla. 1973); and Garner v. Ward, 251 So.2d 252 (Fla. 1971). Thus the provisions of ss. 240.313(8) and 240.319(2), F. S., should be read in parimateria and interpreted in such a manner as to give effect, if possible, to the provisions of both statutes. Section 240.319(2) authorizes a board of trustees to adopt rules and procedures to operate the community college in such a manner as to assure fulfillment of the responsibilities assigned to the board (by law or by rule of the state board or in accordance with the state board's regulations, s. 240.319(1) and (3)(e)), after having considered the recommendations of the community college president. Section 240.313(8) merely provides that, without or in the absence of a recommendation from the president, the board has the power to take action (although it also has the power to require the president to deliver to the board all data and information required by the board in the performance of its duties). I cannot say that the language contained in s. 240.313(8) authorizes the board of trustees to act without first considering the president's recommendation when such a recommendation has been offered by the president pursuant to his duties and responsibilities established by law and by rules of the State Board of Education. The rules of the State Board of Education lend support to the interpretation of the statutes that the board of trustees must consider the recommendation of the president, when offered. Rule 6A-14.247, F.A.C., in enumerating the powers of the boards of trustees, states that `[c]ommunity colleges are operated by boards of trustees. In fulfilling this function, it is a primary responsibility of the board to establish rules, upon the adviceand recommendation of the president . . . .' (Emphasis supplied.) Rule 6A-14.247(10), F.A.C., however, provides that `[n]othing contained in these rules shall prohibit the board of trustees from initiating action deemed to be in the best interests of the institution, or from taking action if the president shall fail tomake a recommendation as required by law.' (Emphasis supplied.) Such rules of the state board are presumptively valid (cf. Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956), and 73 C.J.S. Public Administrative Bodies and Practices s. 104) and have `the full force and effect of law' if within the scope *3842 and intent of the statute, s. 229.041, F. S., and control the actions of the board until legislative or judicially declared otherwise.
In light of the foregoing, I am of the opinion that the district board of trustees of a community college must consider the recommendation of the president before exercising its authority; if, however, the president fails to make such a recommendation to the board, the board of trustees may still act pursuant to s. 240.313(8), F. S., and Rule 6A-14.247(10), F.A.C.
Prepared by: Joslyn Wilson, Assistant Attorney General